IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONNELL DECARLOS JACOBS, | § | |
| | § | No. 587, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | No. 1211023323 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 14, 2015
Decided: November 5, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

### *O R D E R*

On this 5th day of November 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Ronnell DeCarlos Jacobs ("Jacobs") appeals

from a Superior Court bench ruling denying his motion for judgment of acquittal.

Jacobs raises one claim.[1] He claims that the State failed to present sufficient evidence

for the jury to find him guilty of Unlawful Sexual Contact in the First Degree.[2] We

find no merit to Jacobs' claim and affirm.

---

[1] Jacobs also contends that the trial court improperly brought up the lesser included offense of unlawful sexual contact. Because this issue was not properly briefed in its own section, this Court need not address it under Supreme Court Rule 14. Supr. Ct. R. 14(b)(vi)(A)(3). Even if properly addressed, it is without merit. The trial court merely anticipated the request for the lesser included offense, and the prosecution stated: "I will be asking for [the lesser included offense], Your Honor." Appellant's Op. Br. App. at A129.

[2] 11 *Del. C.* § 769.

(2) In the fall of 2010, S.C., seven years old at the time, lived primarily with her father, aunt, and paternal grandparents in Salisbury, Maryland. She would also visit her mother and stepfather, Jacobs, in Dagsboro, Delaware. After returning from a weekend with her mother, S.C. told her grandmother that Jacobs made her remove her nightgown and lay down in his bed. S.C. also stated that Jacobs "got on top of her and he put his thing in her,"[3] and that he stopped only when she started crying. He told her that "it was their secret, [and] not to ever tell anybody."[4] S.C.'s grandmother and father took her to a doctor for an examination.

(3) During the October 2010 doctors visit, S.C. told the pediatrician that her stepfather had "climbed into bed with her and touched her inappropriately in her vaginal area and on her bottom."[5] Although there was no physical evidence of sexual abuse and S.C. was uncertain if there was any actual vaginal or anal penetration, the pediatrician concluded that sexual abuse was likely. Despite the pediatrician's advice that the matter be reported to social services, no report was filed.

(4) In May 2012, S.C. began counseling with a child therapist, Maria Hocker ("Hocker"), due to ongoing behavioral issues. S.C. told Hocker about the incident with Jacobs. S.C. told her that "he touched her vagina with his penis."[6] S.C. also told

---

[3] Appellant's Op. Br. App. at A67.
[4] Appellant's Op. Br. App. at A67-68.
[5] Appellee's Ans. Br. Ex. A, at 1.
[6] Appellant's Op. Br. App. at A74.

Hocker that "she had been raped."[7] In June, Hocker reported the incident to Child Protective Services, and an investigation was initiated.

(5) In July 2012, Diane Klecan ("Klecan") of the Child Advocacy Center ("CAC") met with S.C. where S.C. gave a detailed account of the incident. S.C. recounted that Jacobs woke her up, removed her underwear, and laid on top of her while she laid on her back. S.C. further stated that she kept her nightgown on and that her brother and sister were in the room as well. S.C. said that while Jacobs was on top of her, she saw his penis inside her and that Jacobs was moving up and down. S.C. also recalled that Jacobs anally penetrated her with his penis. S.C. stated that when she started crying, Jacobs stopped.

(6) On December 10, 2012, Jacobs was indicted on two counts of Rape First Degree.[8] Trial commenced on July 16, 2014. As part of the State's case-in-chief, S.C. testified that Jacobs removed all her clothes, including her nightgown, and told her to lay on her back. Further, S.C. testified that Jacobs had her lay on her stomach and sit on top of him. Additionally, S.C. testified that although she started crying when Jacobs took her clothes off, Jacobs did not stop until she cried harder. Pursuant

---

[7] Appellant's Op. Br. App. at A74. Hocker testified at trial that it was difficult for S.C. to verbalize what had occurred.

[8] 11 *Del. C.* § 773(a)(5).

3

to 11 *Del. C.* § 3507,[9] S.C.'s CAC interview was admitted into evidence and played for the jury. After the recording was played, S.C. was cross-examined by Jacobs' counsel, during which S.C. acknowledged the inconsistencies between her CAC interview and her trial testimony.

(7) Jacobs moved for judgment of acquittal on both counts at the close of the State's case. The trial court denied the motion. The trial court noted that inconsistent testimony could be anticipated considering that S.C. was seven years old when the alleged acts occurred and four years had gone by since then. The trial court held that the CAC interview and S.C.'s trial testimony supported the State's case, and that it was up to the jury to decide what facts to believe.

(8) After the denial of his motion, Jacobs proceeded with his defense. In addition to calling Hocker and S.C.'s father, Jacobs took the stand. Jacobs testified that the allegations were a ploy to gain full custody of S.C. Jacobs repeatedly denied that he sexually abused S.C.

(9) The jury acquitted Jacobs of one count of Rape First Degree, but convicted him of one count of Unlawful Sexual Contact in the First Degree as a lesser included offense of the second Rape count. This appeal followed.

---

[9] 11 *Del. C.* § 3507(a) ("In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.").

4

(10) The denial of a motion for judgment of acquittal is reviewed *de novo*.[10] This Court reviews the trial court's denial "to determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[11]

(11) "A victim's testimony alone is sufficient evidence to support a guilty verdict concerning a sexual assault so long as the testimony establishes every element of the offense charged."[12] "Under [11 *Del. C.* § 3507], the out-of-court prior statement of a witness may be used as affirmative evidence whether or not consistent with the in-court testimony."[13] Matters of witness credibility are for a jury to decide.[14]

(12) A defendant is guilty of Unlawful Sexual Contact in the First Degree when "the person intentionally has sexual contact with another person who is less than 13 years of age."[15] Sexual contact includes the "intentional touching . . . of the anus, breast, buttocks or genitalia of another person[.]"[16]

(13) Jacobs' claim lacks merit. First, it is undisputed that S.C. was under the

---

[10] *White v. State*, 906 A.2d 82, 85 (Del. 2006).

[11] *Britt v. State*, 2015 WL 1973358, at *2 (Del. Apr. 28, 2015) (internal quotations omitted).

[12] *Kane v. State*, 2013 WL 5519823, at *2 (Del. Oct. 2, 2013).

[13] *Acosta v. State*, 417 A.2d 373, 377 (Del. 1980).

[14] *Tyre v. State*, 412 A.2d 326, 330 (Del. 1980).

[15] 11 *Del. C.* § 769(a)(3).

[16] 11 *Del. C.* § 761(f) (defining what constitutes sexual contact).

age of thirteen when the incident occurred. Second, S.C. testified at trial that Jacobs, at the very least, touched her genitalia and buttocks. This testimony was corroborated by the recording of S.C.'s interview with CAC. While it is true that there are inconsistencies between her out-of-court statement and live testimony, it was for the jury to weigh those inconsistencies. In fact, it appears from this Record that the jury did just that by convicting Jacobs of the lesser included offense only. The State presented sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Jacobs committed the crime of Unlawful Sexual Contact in the First Degree. Thus, the trial court did not err in denying Jacobs' motion for judgment of acquittal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

James T. Vaughn

Justice

6